UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MICHAEL M. FLOWERS,

    Plaintiff,

v.                                **MEMORANDUM OF LAW & ORDER**
                                   Civil File No. 12-1881 (MJD/SER)

ROBERT THUNDER, individually
and in his official capacity as a
Metro Transit Police Officer,

    Defendant.

J. Ashwin Madia and Joshua A. Newville, Madia Law LLC, Counsel for Plaintiff.

Andrew D. Parker and Anthony G. Edwards, Parker Rosen LLC, Counsel for Defendant.

## I.    INTRODUCTION

This matter is before the Court on Plaintiff's Motion for an Award of Costs, Including Reasonable Attorney's Fees under 42 U.S.C. Section 1988. [Docket No. 68]

## II.    BACKGROUND

On August 1, 2012, Plaintiff Michael Flowers filed a Complaint against Defendants Robert Thunder, Jane Does 1 and 2, and John Doe in this Court.

1

[Docket No. 1]  Thunder was a Metro Transit Police Officer who arrested Flowers on September 25, 2010.  The Does were Hennepin County Jail employees who allegedly failed to provide Flowers with necessary medication after his arrest.  The Complaint asserted: Count 1: Excessive Force, Unreasonable Search and Seizure, Unlawful Arrest under the United States Constitution and Title 42 U.S.C. § 1983; and Count 2: Failure to Provide Adequate Medical Treatment under the United States Constitution and Title 42 U.S.C. § 1983.

On March 22, 2013, Flowers filed an Amended Complaint solely against Thunder asserting Count 1: Excessive Force, Unreasonable Search and Seizure, Unlawful Arrest under the United States Constitution and Title 42 U.S.C. § 1983. [Docket No. 14]  Flowers alleged:

> In violation of 42 U.S.C. § 1983, Defendant deprived Mr. Flowers of his right to be free from excessive force and unreasonable search and seizure when he was unreasonably searched, his property unreasonably seized, the subject of excessive force, and unlawfully arrested, without probable cause or any legal justification.

(Am. Compl. ¶ 40.)  Also,

> As a direct and proximate result of the Defendant's actions, Mr. Flowers has been injured, suffering physical, mental and emotional pain, discomfort, embarrassment, professional humiliation, fear, anxiety, apprehension, sleeplessness, public scorn and ridicule, a generally diminished sense of personal and family safety, outrage,

2

>attorney and investigative fees to defend against criminal prosecution, civil attorney fees, and the costs of bringing suit.

(Id. ¶ 42.)

Flowers asserted that he had suffered damages "in excess of $75,000.00."

(Id. ¶ 44.)

On January 29, 2014, Thunder made a Rule 68 Offer of Judgment to Flowers for $5,000.00. (Madia Decl., Ex. G, Offer of Judgment.)

>The judgment amount offered herein represents a lump-sum judgment, inclusive of all costs, disbursements and fees incurred by Plaintiff. The judgment amount specifically includes, but is not limited to, any and all attorneys' fees to which Plaintiff might be entitled as a prevailing party under 42 U.S.C. § 1988 and/or any other potentially applicable legal authority.

(Id. at 2.)

Flowers rejected the Offer of Judgment.

A jury trial commenced on June 23, 2014. As requested by Flowers, three claims were submitted to the jury: unreasonable seizure, unlawful arrest, and excessive force. Flowers requested $18,112.50 in lost wages and punitive damages in the range of $20,000 to $80,000. On June 24, the jury returned its verdict. The jury found that Thunder unreasonably seized Flowers by requesting information on his medical condition after being shown a limited mobility

driver's license; did not unlawfully arrest Flowers; and did not use excessive force in arresting Flowers.  [Docket No. 64]  The jury awarded Flowers $140.00 in compensatory damages and no punitive damages.  Judgment was entered on July 7, 2014.  [Docket No. 67]

Flowers has now filed a motion for an award of costs and attorney's fees under 42 U.S.C. § 1988.

### III.   DISCUSSION

#### A.   Standard under 42 U.S.C. § 1988

Under 42 U.S.C. § 1988(b), "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."  Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (citation omitted).  "A plaintiff must be a 'prevailing party' to recover an attorney's fee under § 1988."  Id. at 433 (footnote omitted).  "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  Farrar v. Hobby, 506 U.S. 103, 111-12 (1992).  "[A] plaintiff who wins nominal damages is a prevailing party under § 1988."  Id. at 112.

"The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the

reasonable hourly rates.  When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates."  Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005) (citations omitted).  "The district court should exclude hours that were not reasonably expended.  The onus is on the party seeking the award to provide evidence of the hours worked and the rate claimed.  Finally, the district court should adjust the fee upward or downward on the basis of the results obtained."  Wheeler v. Mo. Highway & Transp. Comm'n, 348 F.3d 744, 754 (8th Cir. 2003) (citations omitted).  "If the prevailing party did not achieve success on all claims, this fee may be reduced, taking into account the most critical factor, the degree of success obtained, with discretion residing in the district court."  Simpson v. Merchants & Planters Bank, 441 F.3d 572, 580 (8th Cir. 2006) (citation omitted).

  **B.**  **Hourly Rate**

  Flowers' attorneys have background and experience in trial practice.  They did an able job representing Flowers over two years of litigation.  Flowers has pointed out the potential undesirability of his case and the skill needed to successfully litigate a § 1983 action against law enforcement.  His attorneys have submitted declarations from civil rights attorneys in the Twin Cities to show that

their hourly rates[1] are reasonable. Thunder does not raise any objection to Plaintiff's attorneys' hourly rates. Based on the Court's knowledge of the local legal market and other similar cases within this District, the Court concludes that the rates sought are in line with the hourly rates for similarly experienced attorneys in the field of civil rights trial work. The Court concludes that the requested hourly rates are reasonable.

C. **Reasonable Hours Expended**

Plaintiff notes that, through almost two years of litigation, including a jury trial, his attorneys billed approximately 120 hours of attorney time, excluding time spent on his voluntarily dismissed claims against the Doe Defendants.

The Court holds that the amount of hours billed was not excessive. Although the case did not involve particularly novel or complex legal questions, this litigation lasted for two years and involved a jury trial. A close review of counsel's billing records demonstrates that the attorneys' work was efficient, that lower-cost professionals were used for work whenever possible, and that the attorneys' have already eliminated entries that were related to claims against the Doe Defendants or which could be considered excessive or duplicative. Overall,

---

[1] Counsel charged $450 per hour for lead attorney J. Ashwin Madia, $250 per hour for attorney Joshua Newville, and $100 per hour for law clerks Eleanore Lewis and Jessica Zeletes.

Plaintiff's counsel's billing records reflect careful and judicious use of time and staffing decisions. The Court concludes that the hours spent by counsel were reasonable.

### D. Costs and Disbursements

The costs requested by Flowers, $1,447.85, are reasonable and reimbursable.

### E. Degree of Success

#### 1. Legal Standard for Degree of Success

"Although the 'technical' nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded under § 1988." Farrar, 506 U.S. at 114. "[T]he most critical factor" in deciding the reasonableness of a fee award "is the degree of success obtained." Id. (citation omitted). "A reduced fee award is appropriate if the relief [obtained], however significant, is limited in comparison to the scope of the litigation as a whole." Hensley, 461 U.S. at 440.

The Supreme Court has rejected the idea that "fee awards under § 1988 should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers." City of Riverside v. Rivera, 477 U.S. 561, 574 (1986).

However, "[t]he amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded under § 1988." Id.

> If any issues on which the plaintiff lost are unrelated to those on which he won, the unrelated issues must be treated as if they were separate cases and no fees can be awarded.  If, however, the claims on which the plaintiff lost are related to those on which he won, the court may award a reasonable fee.  The most important factor in determining what is a reasonable fee is the magnitude of the plaintiff's success in the case as a whole.  If the plaintiff has won excellent results, he is entitled to a fully compensatory fee award, which will normally include time spent on related matters on which he did not win.  If the plaintiff's success is limited, he is entitled only to an amount of fees that is reasonable in relation to the results obtained.

Jenkins v. State of Mo., 127 F.3d 709, 716 (8th Cir. 1997) (citations omitted).

> Sometimes,
>
> the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories.  Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis.  Such a lawsuit cannot be viewed as a series of discrete claims.  Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

Hensley, 461 U.S. at 435.

## 2. Flowers Achieved More than de Minimis Success

The Court rejects Thunder's assertion that Flowers achieved only a de minimis or pyrrhic victory justifying denial of attorney's fees altogether. Flowers succeeded on his claim that Thunder violated his Fourth Amendment right to be free from unreasonable seizures by the police. And, although the jury award was small, the jury did award Flowers compensatory, not nominal, damages.

Additionally, the Court rejects Thunder's argument that Flowers should be limited to some multiple of his compensatory damages award. While the amount of damages ultimately recovered may be a potential factor in the Court's determination of the fee award, the Supreme Court has "reject[ed] the proposition that fee awards under § 1988 should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers." Riverside, 477 U.S. at 574. "A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts. This is totally inconsistent with Congress' purpose in enacting Section 1988." Id. at 578.

### 3. Flowers' Request Shall Be Reduced Based on Limited Success

"A reduced fee award is appropriate if the relief [obtained], however significant, is limited in comparison to the scope of the litigation as a whole." Hensley, 461 U.S. at 440. By the time of trial, Flowers had terminated all claims against Hennepin County Jail personnel, and he correctly has cut fees and costs associated with those claims from his fees and costs request. At trial, Flowers asserted three separate claims against Thunder – unlawful seizure, unlawful arrest, and excessive force; Flowers only succeeded on the least serious allegation – that Thunder briefly unlawfully seized him by asking him about his medical condition.

Additionally, before trial commenced, Flowers abandoned most of the categories of damages asserted in his Amended Complaint and pursued in discovery. He dropped the request for medical and emotional damages he had previously asserted arose from the incident. He also abandoned his request for garden-variety pain and suffering. He narrowed his claim for lost wages from four years after his arrest to only two years after his arrest. Flowers asked the jury to award $18,000 in compensatory damages for lost wages and also for

punitive damages up to $80,000.  The jury awarded Flowers $140 in compensatory damages and no punitive damages.

The Court recognizes the important work that Flowers' counsel did in this case to vindicate Flowers' constitutional right to be free from an unreasonable seizure and to assist him in recovering compensatory damages.  Also, civil rights awards benefit the public through deterring future violations by the police and upholding the public's interest in upholding the Constitution.  At the same time, Flowers ultimately prevailed only one claim against Thunder, which was the least serious allegation when compared to claims of excessive force and unlawful arrest; pursued only a small fraction of his claims and categories of damages initially pled; and received a judgment only on a small fraction of what he requested from the jury.  Flowers achieved limited success at trial.  See, e.g., Kirby v. Roth, 515 Fed. App'x 642, 643-44 (8th Cir. 2013) (upholding reduction in attorney's fees from $15,900 to $4,005 when plaintiff won on his excessive force claim but lost on his medical care claim and recovered $100 in compensatory damages and agreeing "with the district court that the limited success achieved by [the plaintiff], as reflected in the modest compensatory damages and pain and suffering damages awarded, appropriately bears on the quantum of attorney's

fees awarded under section 1988(b)"); Jones v. Lockhart, 29 F.3d 422, 423-24 (8th Cir. 1994) (holding that, although nominal award for plaintiff was not pyrrhic or technical victory, the limited amount of plaintiff's success meant that the district court abused its discretion in reducing requested attorney's fees from $31,540 to $25,000 and ordering that fees be further reduced to $10,000).

Balancing all of the above factors, the Court concludes that Flowers' requested attorney's fees of $49,928.00 shall be reduced to one-third: $16,642.67.

### F.     Effect of the Offer of Judgment

The Court holds that Thunder's previous Offer of Judgment does not preclude Flowers from recovering costs and attorney's fees.

#### 1.     Standard for Rule 68 Offer of Judgment

Under Federal Rule of Civil Procedure 68,

> (a) At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.
>
> * * *

>   (d) If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Attorney's fees awarded under § 1988 are included in the "costs" referenced in Rule 68. Marek v. Chesny, 473 U.S. 1, 5, 12 (1985). "Civil rights plaintiffs – along with other plaintiffs – who reject an offer more favorable than what is thereafter recovered at trial will not recover attorney's fees for services performed after the offer is rejected." Id. at 10.

>   Rule 68 requires that a comparison be made between an offer of judgment that includes "costs then accrued" and the "judgment finally obtained." It is neither logical nor consistent with the rule and applicable authority to compare an offer of judgment which includes all costs, including attorney's fees, and a judgment finally obtained which includes no costs. To make a proper comparison between the offer of judgment and the judgment obtained when determining, for Rule 68 purposes, which is the more favorable, like "judgments" must be evaluated. Because the offer includes costs then accrued, to determine whether the judgment obtained is "more favorable," as the rule requires, the judgment must be defined on the same basis-verdict plus costs incurred as of the time of the offer of judgment. The post-offer costs-the very costs at issue by virtue of the rule's application-should not, however, also be included in the comparison and thereby become the vehicle to defeat the rule's purpose.

Marryshow v. Flynn, 986 F.2d 689, 692 (4th Cir. 1993). "[W]hen evaluating, for Rule 68 purposes, the 'judgment finally obtained' to determine whether it is more favorable to a plaintiff than an earlier offer of judgment by the defendants,

the judgment finally obtained must include not only the verdict of the jury but also the costs actually awarded by the court for the period that preceded the offer." Id. at 692. See also Hescott v. City of Saginaw, 757 F.3d 518, 527 (6th Cir. 2014) ("[T]he 'judgment' used to make this apples-to-apples comparison includes not just the damages award, but also the claimant's pre-offer costs and fees actually awarded.").

### 2. Discussion

Flowers argues that, by the time Thunder made the Offer of Judgment, on January 29, 2014, Flowers had already incurred $14,820.83 in attorney's fees unrelated to the claim against the Doe Defendants and $1,447.85 in costs. (See Madia Decl., Ex. D.) Thunder's Offer of Judgment was for $5,000, including all attorney's fees and costs. When the total amount of pre-offer fees, $14,820.83, is reduced in proportion to the Court's overall reduction of costs and attorney's fees based on Flowers' limited success, it amounts to $4,940.28. When this amount is added to the $1,447.85 in costs incurred by that date and the $140 awarded in compensatory damages, the sum recovered, $6,528.13, is larger than the Offer of Judgment. Therefore, Flowers obtained a result more favorable than the offer and may recover his costs and attorney's fees incurred after the Offer of

Judgment was made.  See Scheeler v. Crane Co., 21 F.3d 791, 792-93 (8th Cir. 1994).

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Plaintiff's Motion for an Award of Costs, Including Reasonable Attorney's Fees under 42 U.S.C. Section 1988 [Docket No. 68] is **GRANTED** as follows: Defendant Robert Thunder is ordered to remit to Plaintiff Michael Flowers $18,090.52 for costs and attorney's fees.

Dated:  October 21, 2014        s/ Michael J. Davis
                                Michael J. Davis
                                Chief Judge
                                United States District Court